BANKERS' TRUST COMPANY v. HUDSON.

Opinion delivered July 4, 1921.

1. MORTGAGES—CHATTEL MORTGAGE NOT PROPERLY FILED—VALIDITY.—A chattel mortgage of cattle, which was filed but not recorded without the indorsement required by Crawford and Moses' Dig., § 7384, is not binding on one who subsequently leased the cattle from the mortgagor under an agreement that he should be repaid for expenditures for feed, salt and dipping and should receive one-half of the increase in value of the cattle as remuneration for his care of them.

2. LANDLORD AND TENANT—TERM OF LEASE.—A contract of lease whereby the tenant was to rent a farm and certain cattle thereon for a stipulated rent and for one-half of the increase in value of the stock, no time limit being expressed, is a contract good for one year.

3. DAMAGES—BREACH OF LEASE.—Under a contract of lease of land and cattle, no time limit being expressed, the tenant's right to recover for taking the cattle from his possession would be limited to such damages as would have accrued within one year from the date of the contract.

Appeal from Perry Circuit Court; *Guy Fulk*, Judge; reversed.

*W. B. Rutherford* and *Owens & Ehrman*, for appellant.

(1) The mortgage, although not properly indorsed, was valid and binding between the parties to the suit. The rent and lease contract between Dale and appellee was nothing more than an agreement on appellee's part to cultivate the land and care for the cattle, and a promise on the part of Dale to pay for any expense incurred in

the care of the cattle other than for feed on the farm. The unrecorded mortgage is binding between the parties. 112 Ark. 187; 123 Ark. 28; 49 Ark. 279.  The case of 79 Pac. 749 is almost identical with this.

(2)   If the mortgage was invalid, appellee was not entitled to $550.00.  If entitled to judgment at all, he was entitled to $195.00.

*J. H. Bowen,* for appellee.

Appellee was a stranger to the mortgage, and as to him it was void, and replevin could not be maintained against him under the same.  If appellee was a bailee, he had an interest in the property, and replevin could not be maintained against him. 52 Ark. 164; 83 Ark. 109; 121 Ark. 346; 16 Ark. 90; 21 Ark. 559; 126 Ark. 462.

The value of the cattle was the correct measure of damages. 50 Ark. 169.

HUMPHREYS, J.   This suit in replevin, for the possession of nineteen head of cattle, was filed by appellant against appellee in the Perry Circuit Court.  It was alleged, in substance, that appellant was entitled to the possession of the cattle under a chattel mortgage executed by J. L. Dale to J. T. Chafin, February 17, 1920, to secure a promissory note in the sum of $500; that appellant, in due course of business, had acquired the note and mortgage; that, under the terms of the mortgage, appellant was entitled to the immediate possession of the property for the purpose of selling it under the power of sale contained in the mortgage.  Appellee interposed the defense that he was entitled to retain the possession of the cattle under a contract with J. L. Dale, which invested him with an interest in said cattle; that the mortgage did not constitute a lien upon the property as against appellee, because he was a stranger thereto, and, when filed with the clerk, was filed without instructions to the clerk to file but not record, as required by section 7384 of Crawford & Moses' Digest.  Appellee alleged damages in the maximum sum of $495 on account of the breach of contract in taking the cattle before the

expiration of the contract. The contract between J. L. Dale, the mortgagor, and the appellee, under which he held possession of the cattle, is as follows:

"Perry, Arkansas, April 10, 1920.

## "RENT AND LEASE CONTRACT.

"This contract and agreement, made this the 10th day of April, 1920, between J. L. Dale, as party of the first part, and C. W. Hudson, party of the second part, witnesseth and voids all previous contracts between parties hereto or their agents.

"Party of the first part, being the owner of 120 acres of farm and twenty head of cattle, calves, and twenty-four head of sheep, does this day rent and lease unto the party of the second part on following terms and conditions:· Party of second part is to care for all stock, furnish all feed and give them all necessary attention; cultivate and care for farm, and pay to party of first part one-third of all marketed crops, except cotton, on which he is to pay one-fourth.

"Party of first part agrees to pay to party of second part at rate of two and fifty hundredths dollars per day for any work done on farm in the way of permanent improvements, and to furnish all materials for repair.

"It is mutually agreed that party of second part is to have one-half of wool clipped from sheep and one-half the increase in value of all stock, based on following agreed valuation:

"One male (no value given).

"Fourteen (14) cows over two years old, at $50 per head.

"Six (6) yearlings and calves at $5 per head.

"The offspring from sheep to be equally divided between parties hereto.

"Party of the first part agrees to pay to party of the second part twenty cents per head for each head each

time dipped. Party of second part to pay vat charges out of same.

"Party of first part agrees to pay all expenses necessary for any and all skilled attention to stock, all medicine, salt and feed necessary for maintenance of stock not produced on farm.

"J. L. Dale,

Party of the first part.

Party of the second part.

"Witness: R. M. Barrington."

The appellant offered the mortgage in evidence, which was excluded over appellant's objection and exception on the ground that it was not properly indorsed for record.

Appellee, the only witness in the case, testified that the sheriff took nineteen head of cattle from him under the writ of replevin, worth, on the Kansas City market, $550; that he expended about $137.50 for feed, and $11 for salt in the care of the cattle; that he dipped them, which was reasonably worth twenty cents a head. The contract was identified by him and introduced in evidence.

At the conclusion of the evidence, the court, at the request of appellee, over the objection and exception of appellant, peremptorily instructed the jury to return a verdict in favor of appellee for $550, which the jury did. A judgment was rendered in accordance with the verdict, from which an appeal has been duly prosecuted to this court.

Appellant first insists that the court erred in excluding the mortgage, although improperly indorsed for record, because, under the terms of the rent and lease contract, appellee was a mere bailee of the mortgagor, and, in that capacity, in effect, a party to the mortgage. The doctrine is invoked that, as between the parties, as well as their privies, an unrecorded mortgage is valid. The contract not only provides that appellee should be repaid

for expenditures for feed, salt and dipping, but for one-half the increase in value of the cattle as remuneration for his attention and for feed raised on the farm by him and fed to them. This working interest in the cattle, coupled with possession, rendered appellee a stranger to the mortgage, and not a privy merely to the mortgagor. The court therefore properly excluded the mortgage when offered as evidence.

Appellant next insists that the court erred in instructing $550 damages for appellee. The mortgage being valid between appellant and J. L. Dale, the mortgagor, appellant is in the same position in relation to damages that the mortgagor would have been had he breached the contract by taking possession of the cattle. No time limit appears in the contract, so, as between them, the contract was good for one year. By analogy, a written contract without a time limit is valid for the same length of time an oral contract would be. Under the statute of frauds, an oral contract of this kind would be good for only one year. Appellee then must be limited to a recovery of damages accruing within one year from the date of the contract. Had the mortgagor been plaintiff in the action, appellee was privileged to treat the contract as rescinded when the cattle were taken from him and to ask for all damages sustained to the date of the breach. This he did in his answer, alleging his damages at $495. It was error to instruct damages in the sum of $550, the value of the cattle on the Kansas City market.

For this error, the judgment is reversed, and the cause remanded for a new trial.